914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick MOWATT, Plaintiff-Appellant,
v.
Deputy ELKINS, A.D.W. MYERS, Sergeant Parker, Babik,
Corrections Officer, Foster, Corrections Officer,
Defendants-Appellees.
 No. 90-1144.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Derrick Mowatt, a pro se Michigan prisoner, moves for in forma pauperis status and appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Mowatt filed this suit in Michigan state court against five Michigan state prison officials in their individual and official capacity. Mowatt alleged that while in the segregation unit at the Huron Valley Men's prison, he was issued two misconduct tickets. Mowatt alleged that defendants violated his eighth and fourteenth amendment rights when he was not fed on two occasions on December 24, 1988 and December 31, 1988, and when defendants refused to issue him cleaning supplies. Mowatt also alleged irregularities in his disciplinary proceedings in that defendant Parker allegedly did not adequately review the tickets with him, and that one ticket contained the wrong identification number.
 
 
 4
 Defendants had the case removed to federal court pursuant to 28 U.S.C. Sec. 1441, and thereafter filed motions for summary judgment, to which plaintiff responded. The magistrate recommended the motions be granted, finding that defendants Elkins and Myers had no personal involvement in the matters, and thus, could not be liable on the basis of respondeat superior. The magistrate further found that the documentary evidence submitted in support of the motions for summary judgment established that Mowatt was not given his breakfast on December 24, 1988, as a direct result of his failure to obey two direct orders, both of which were subsequently upheld at disciplinary hearings which the magistrate determined satisfied constitutional mandates. He also found that Mowatt refused his breakfast meal on December 31, 1988. Upon de novo review in light of Mowatt's objections, the district court adopted the magistrate's report and recommendation, granted the defendants summary judgment and dismissed the complaint.
 
 
 5
 On appeal, Mowatt reasserts his claims, moves for in forma pauper status, requests the appointment of counsel, and argues that the district court should have granted his motion for default judgment.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated October 26, 1989, as adopted by the district court on January 18, 1990. We also conclude that the district court acted within its discretion in denying Mowatt's motion for default judgment and determining the case on the merits.
 
 
 7
 Accordingly, the motion for in forma pauperis status is granted, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation